CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL -3 2014
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH VALENTINE AWE, ) | Civil Action No. 7:14-cv-00248 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| HAROLD CLARKE, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Kenneth Valentine Awe, a Virginia inmate proceeding pro se, filed a verified Complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"), and Randall Mathena, the Warden of the Red Onion State Prison ("ROSP"). This matter is before me for screening, pursuant to 28 U.S.C. § 1915A.[1]

Plaintiff makes three broad allegations in the verified Complaint. First, "VDOC/ROSP violates this plaintiff's Fourteenth Amendment rights depriving plaintiff life, liberty, property, [and] good time credits of liberty interest within Due Process Rights." Second, "VDOC policy and procedure states that plaintiff will not be restricted from earning good time credit based solely on refusal to comply with grooming policy, contrary to plaintiff's denial [there]of." Third, "VDOC states plaintiff will not be housed in segregation when plaintiff's only offense of DOC policy is failure to comply with grooming policy, but housed and managed separately (contrary to the fact plaintiff's segregation)."

---

[1] I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Section 1983 requires a showing of personal fault on the part of a defendant, either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Plaintiff wholly fails to describe Director Clarke's or Warden Mathena's involvement with Plaintiff's claims, and Plaintiff pursues an indisputably meritless legal theory to hold Director Clarke or Warden Mathena liable for acts of subordinates via respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Furthermore, a claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Moreover, a claim for a speedier release from custody must be brought via a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that a writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Accordingly, I dismiss the Complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), and certify that an appeal would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

ENTER: This 3rd day of July, 2014.

Senior United States District Judge